UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA MATHIS,

    Plaintiff,

vs.                                    Case No.  3:06-cv-816-J-MCR

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees (Doc. 24) filed April 30, 2008, as well as the Joint Stipulation (Doc. 27) filed May 13, 2008. Plaintiff's original petition requested $4,480.15 in attorneys fees and $24.99 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  Commissioner opposed the relief requested by Plaintiff in this Petition.  Now, however, the parties have filed a Joint Stipulation which requests the Court dismiss Plaintiff's Petition and instead award Plaintiff $4,051.57 in attorney fees and $24.99 in costs under EAJA.  The Joint Stipulation follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Docs. 22 & 23).

**A. Eligibility for Award of Fees**

Pursuant to the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the

-1-

award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. Prevailing Party

The Judgment in this case (Doc. 23), filed on March 28, 2008, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on March 28, 2008 and the Petition was filed on April

30, 2008.  Accordingly, the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff's net worth at the time of this proceeding was filed was less than two million dollars.  (Doc. 24, p. 2).  Moreover, there is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole.  See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, we now turn to the reasonableness of the amount of fees sought.  The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour

unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The Court accepts the parties stipulated requested amount as reasonable in this case and thus, finds an increase on the statutory cap is appropriate. The total amount of attorneys fees agreed upon by the parties, $4,051.57, divided by the number of hours Plaintiff worked, 27.90, equals an hourly rate of $145.22. Because the parties have agree upon this amount, the Court finds it reasonable. The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount. Plaintiff will also be awarded costs in the amount of $24.99 for a total award of $4,076.56.

**C. Payment of Fees Directly to Counsel**

The Joint Stipulation suggests that the Commissioner has agreed to pay the attorneys fees directly to Plaintiff. The Eleventh Circuit has instructed, however, that the unambiguous text of the EAJA requires that "attorney's fees are awarded to the prevailing party, not the prevailing party's attorney." Reeves v. Astrue, No. 07-11404, 2008 WL 1930587, *5 (11th Cir. May 5, 2008). As such, the undersigned is compelled to hold that the EAJA fees awarded today are payable to Plaintiff, rather than to her attorney.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Petition for Attorney Fees (Doc. 24) is **DISMISSED**.

2.   The parties' Joint Stipulation (Doc. 27) is **GRANTED.**

3. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,051.57 for attorney's fees and $24.99 for costs for a total award of $4,076.56.

4. The EAJA fees awarded in this case shall be paid to Plaintiff.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of May, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record